UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Henry Robinson,

                Plaintiff,

    -against-

Commissioner of Social Security,

                Defendant.

1:18-cv-04515 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is the amended motion of Plaintiff's counsel, Howard D. Olinsky, Esq. ("Attorney Olinsky") for $10,296.00 in attorney's fees, pursuant to 42 U.S.C. § 406(b). (Pl.'s Am. Mot., ECF Nos. 28; *see also* Olinsky Aff., ECF No. 28-1, ¶ 8.) The Commissioner takes no position on the motion. (Def.'s Ltr., ECF No. 30.) For the reasons set forth below, the amended motion is GRANTED.

## BACKGROUND

Attorney Olinsky represented Plaintiff in this action for judicial review of the Commissioner's decision denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income. (Olinsky Aff. ¶ 1.) Attorney Olinsky and Plaintiff had entered into a contingency fee agreement which stated that Attorney Olinsky would charge and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and his family if he won his case. (*Id*. ¶ 3 & Ex. A.) On October 19, 2018, pursuant to a Court-approved stipulation between the parties, this matter was referred to the Social Security Administration ("SSA") for further proceedings. (10/19/18 Stip. & Order, ECF No. 16.)

On February 4, 2019, Plaintiff was awarded attorney's fees in the amount of $1,600.00, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (2/4/19 Stip. & Order, ECF No. 23.) On May 2, 2025, Attorney Olinsky had filed a motion seeking attorney's fees based upon Plaintiff's Notice of Award for Supplemental Security Income. (Pl.'s Mot., ECF No. 24.) On June 11, 2025, Defendant's attorney provided the Notice of Award for Disability Insurance Benefits and notified Attorney Olinsky that, due to windfall offset, Supplemental Security Income had been significantly reduced and that all benefits had been paid out. (Olinsky Aff. ¶ 4.) However, SSA still was withholding attorney's fees from Disability Insurance Benefits. (*Id*.) Therefore, Attorney Olinsky filed the amended motion that now is before the Court. (*Id*.)

Total past-due benefits for Plaintiff were $91,332.00 for March 2014 through May 2021 based on the July 4, 2021 Notice of Award. (Olinsky Aff. ¶ 5 & Ex. B.) Under 42 U.S.C. § 406(b), this Court may award "a reasonable fee not in excess of 25 percent of . . . past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). One-fourth of the past-due benefits for Plaintiff is $22,833.00. (Olinsky Aff. ¶ 6.) The hearing level representative received a fee of $12,537.00 for work done at the agency level. (*Id*. ¶ 7.) In the amended motion, Attorney Olinsky is requesting $10,296.00 in attorney's fees, which is the amount remaining (*i.e.*, $22,833.00 less $12,537.00). (*Id*. ¶ 8.)

## DISCUSSION

Where, as here, Attorney Olinsky and Plaintiff entered into a valid contingency fee agreement, the Court reviews the arrangement "as an independent check" to assure a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-

five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted).

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372). A court then must consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id*. (quoting *Gisbrecht*, 535 U.S. at 808) (cleaned up).

Considering the relevant factors, the Court finds that the fee award sought is reasonable. The requested fee is not greater than 25% of past-due benefits; there is no evidence or suggestion of fraud or overreaching and the award sought would not constitute a windfall. *See Fields*, 24 F.4th at 854-57. However, as the parties note (Olinksy Aff. at PDF p. 3; Def.'s Ltr. at 2), although attorneys may file for both EAJA and Section 406(b) fees, "the

claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

## CONCLUSION

For the reasons set forth above, it is hereby Ordered that Attorney Olinsky's amended motion for attorney's fees is GRANTED. Attorney Olinsky is awarded $10,296.00 in fees but, upon receipt of this sum, he shall refund the previously paid EAJA fees of $1,600.00 directly to Plaintiff.

**SO ORDERED.**

DATED:    New York, New York
          July 17, 2025

_____
STEWART D. AARON
United States Magistrate Judge